**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

ROBERT H. FORD, SR.,

        Plaintiff,

v.                           CASE NO. 5:17cv103-RH/GRJ

COMBINED INSURANCE COMPANY
OF AMERICA and BRIAN GRISWOLD,

        Defendants.

_____/

## ORDER COMPELLING ARBITRATION

      The defendant Combined Insurance Company of America has moved to
compel arbitration and to dismiss. The motion is before the court on the magistrate
judge's report and recommendation, ECF No. 27, and the plaintiff's objections,
ECF Nos. 28 and 31. I have reviewed de novo the issues raised by the objections.

      The report and recommendation correctly concludes that the plaintiff signed
a binding arbitration agreement that applies to the plaintiff's claims in this lawsuit
and that arbitration should be compelled.

      In the plaintiff's first set of objections, he says, "the signature (in block
form) appears to be forged *on the arbitration agreement*." ECF No. 28 at 3

(emphasis added). This may be a scrivener's error. The plaintiff asserted previously only that the signature *on the separate employment agreement* was forged. That signature was in block form. The signature on the arbitration agreement was not in block form. More importantly, in the affidavit the plaintiff filed before entry of the report and recommendation, the plaintiff admitted that he signed the arbitration agreement. The affidavit said the "arbitration addendum" was "signed by me." ECF No. 9 at 3. The affidavit attached the arbitration agreement and specifically cited a page with what appears to be—and the plaintiff admitted is—the plaintiff's signature. The plaintiff has not raised a genuine dispute about the validity of this signature.

To be sure, the affidavit also said the signature was *dated* not by the plaintiff but by someone else and that the date was not accurate. The arbitration agreement's signature page, as attached to the affidavit, included a notation next to the date: "Not my handwriting." There was no such notation next to the signature. ECF No. 9 at 40.

It makes no difference who wrote the date on the arbitration agreement or whether the date was accurate. The controlling point is that the plaintiff signed the arbitration agreement. The plaintiff opposes arbitration on other grounds, but none withstand analysis, as shown by the report and recommendation. This order compels arbitration.

If the case is stayed but remains pending, the parties will be required to file periodic status reports. But there is no apparent reason why the case should not be dismissed, rather than stayed. This order gives the plaintiff an opportunity to address this issue. If he does not respond, the case will be dismissed in an order that retains jurisdiction to enforce the order compelling arbitration and retains jurisdiction to enforce or set aside any arbitration award.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. The motion to compel arbitration, ECF No. 4, is granted in part. The parties must present their dispute to arbitration in accordance with the agreement that was entered before the dispute arose.

3. The case will be dismissed—by a judgment retaining jurisdiction to enforce the order to arbitrate and retaining jurisdiction to enforce or set aside any arbitration award—unless the plaintiff files by October 19, 2017 a memorandum showing cause why the court should not so dismiss the case.

4. The motion, ECF No. 14, to strike parts of the plaintiff's affidavit is denied as moot.

SO ORDERED on September 27, 2017.

s/Robert L. Hinkle
United States District Judge